UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, AKRON

TYLER W. KAHLER,                                    CASE NO.:

       Plaintiff,

v.

CONSOLIDATED WORLD TRAVEL, INC.
d/b/a HOLIDAY CRUISE LINE and DONNA
HIGGINS,

       Defendants.
_____/

## NOTICE OF REMOVAL

Defendants CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE
LINE and DONNA HIGGINS, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (c), and 1446,
with full reservation of all defenses, hereby remove this action from the Canton Municipal Court,
Stark County, Ohio, Small Claims Division, to the United States District Court for the Northern
District of Ohio, Eastern Division, Akron.  In support of this Notice of Removal, Defendants
state as follows:

## I.    Background

1.    On or about October 6, 2015, Plaintiff Tyler W. Kahler filed a Complaint
instituting this lawsuit in the Canton Municipal Court, Stark County, Ohio, Small Claims
Division, Case No. 2015-CVI-05068 (the "Complaint").  A true and correct copy of the
Complaint is attached hereto as Exhibit "A." The suit arises from alleged pre-recorded telephone
calls to Plaintiff's cellular telephone by Defendants which Plaintiff alleges violated the
Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Ohio Consumer

Sales Protection Act, Ohio Rev. Code § 1345.01 *et seq.*

2.    On October 7, 2015, Plaintiff sent via e-mail a copy of the filed Complaint to counsel for Defendants.  Plaintiff has not served Defendants a copy of the filed Complaint.

3.    Defendants now timely remove this action to this Court.

## II.    Basis for Jurisdiction

4.    This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(a) and (c).  This claim could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States."  Plaintiff brings one count against Defendants for alleged violation of the TCPA, a "law" of the United States.  *See* Complaint at ¶¶ 38-43.  As such, this Court has federal question jurisdiction over this matter.

5.    This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's causes of action for alleged violations of the Ohio Consumer Sales Protection Act, as they are sufficiently related to the facts and transaction that underlie his cause of action under the TCPA.

6.    Indeed, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Thus, this Court has federal question jurisdiction.

7.    The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under

the laws of the United States."

8.      Pursuant to Local Civil Rule 3.8(a), because this case currently is pending in Ohio state court in Stark County, this case is removable to the United States District Court for the Northern District of Ohio, Eastern Division, Akron.

9.      Based upon the foregoing, this Court has federal question jurisdiction over this action and venue is proper in this Court.

**III.    Rule of Unanimity**

10.     The requirement that all defendants consent to and join a notice of removal in order for it to be effective is referred to as the "rule of unanimity." *See generally Loftis v. United Parcel Serv.*, 342 F.3d 509 (6th Cir. 2003).  The "rule of unanimity" has been codified at 28 U.S.C. § 1446(b)(2)(A), which provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

11.     Undersigned counsel represents both Defendants, and they both join in the removal of the action to this Court, satisfying the rule of unanimity.

**IV.    Notice Given**

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Canton Municipal Court, Stark County, Ohio, Small Claims Division.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "B."

**V.     Removal is Timely Filed**

13.     This Notice has been timely filed within thirty (30) days of Defendants' receipt of the filed Complaint on October 7, 2015, as required by 28 U.S.C. § 1446(b)(2).

3

## VI.  <u>Pleadings and Process</u>

14.    As required by 28 U.S.C. § 1446(a), copies of all state court process and pleadings are attached to this Notice of Removal as Exhibit "C."

## VII.  <u>Venue</u>

15.    Pursuant to 28 U.S.C. § 1441(a) and Local Civil Rule 3.8(a), venue in this District Court is proper because this action is currently pending in the Canton Municipal Court, Stark County, Ohio, Small Claims Division, which is in the same District as the United States District Court for the Northern District of Ohio, Eastern Division, Akron.

## VIII.  <u>Non-Waiver of Defenses</u>

16.    Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a) and (c), and 1446, this Court has jurisdiction over this matter, and Defendants CONSOLIDATED WORLD TRAVEL, INC. d/b/a HOLIDAY CRUISE LINE and DONNA HIGGINS, hereby remove this action from the Canton Municipal Court, Stark County, Ohio, Small Claims Division, to this Court.

Dated: November 3, 2015                          Respectfully Submitted,

> */s/ Marilyn J. Singer*
> McNeal Schick Archibald & Biro Co., L.P.A.
> Marilyn J. Singer (0009017)
> Van Sweringen Arcade
> 123 West Prospect Avenue, Suite 250
> Cleveland, Ohio 44115
> Phone: 216-621-9870
> Fax: 216-522-1112
> mjs@msablaw.com
>
> -and-

Greenspoon Marder, P.A.
Richard W. Epstein
*Request for admission pro hac vice forthcoming*
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
*Request for admission pro hac vice forthcoming*
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
Roy Taub
*Request for admission pro hac vice forthcoming*
Florida Bar No. 116263
Roy.Taub@gmlaw.com

200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendants Consolidated*
*World Travel, Inc. d/b/a Holiday Cruise*
*Line and Donna Higgins*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2015, a true and correct copy of the foregoing was served via U.S. Mail on:

Tyler W. Kahler
P.O. Box 35697
Canton, OH 44735
*Plaintiff*

*/s/ Marilyn J. Singer*
Marilyn J. Singer (0009017)