2015 OCT -6  PM 3: 56

PHIL G. GIAVASIS
CANTON MUNICIPAL COURT
CIVIL DIVISION

## IN THE CANTON MUNICIPAL COURT
## STARK COUNTY, OHIO
## SMALL CLAIMS DIVISION

| | |
|---|---|
| **TYLER W. KAHLER**<br>P.O. Box 35697<br>Canton, Ohio 44735<br><br>   **Plaintiff,**<br><br>-VS-<br><br>**CONSOLIDATED WORLD TRAVEL, INC.**<br>**d/b/a HOLIDAY CRUISE LINE,**<br>c/o Greenspoon Marder, P.A.<br>200 E. Broward Blvd, Suite 1800<br>Fort Lauderdale, FL 33301-1949<br><br>**and**<br><br>**DONNA HIGGINS,**<br>**both individually and as an owner/officer**<br>2121 West Oakland Park Blvd., Suite 1<br>Fort Lauderdale, FL 33311-1507<br><br>   **Defendants.** | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR MONEY**<br>**DAMAGES, CIVIL PENALTIES**<br>**AND DECLARATORY RELIEF** |

For this Complaint the Plaintiff Tyler W. Kahler states as follows:

### PARTIES

1.   Plaintiff Tyler W. Kahler is a resident of Meyers Lake Village, in Stark County, Ohio.

2.   Plaintiff Tyler W. Kahler owns a personal cellular telephone.

3.   Defendant Consolidated World Travel, Inc. (hereinafter "CWT") is a Florida Corporation and not licensed to do business in the State of Ohio.



EXHIBIT

A

4.    Defendant CWT does business as Holiday Cruise Line.

5.    Defendant Donna Higgins is a resident of the State of Florida, and uses the title of
President with respect to her dealings with Defendant CWT.

## FACTS

6.    Defendant CWT is a "supplier" as it was, at all times relevant herein, engaged in the
business of effecting "consumer transactions" by offering awards by chance or soliciting
the sale of goods of services to "consumers" in the State of Ohio and nationwide, for
purposes that were primarily personal, family or household in nature, as those terms are
defined in the CSPA.

7.    Defendant CWT is a "seller" as that term is defined in C.F.R. 64.1200(f)(9) as it is a
person or entity on whose behalf telephone calls or messages were initiated for the
purpose of encouraging the purchase or rental of, or investment in, property, goods or
services, which were transmitted to persons.

8.    Defendant CWT is a "telemarketer" as that term is defined in C.F.R. 64.1200(f)(11) as
Defendant is a person or entity that initiated telephone calls or messages for the purpose
of encouraging the purchase or rental of, or investment in, property, goods or services,
which were transmitted to persons.

9.    Defendant CWT engaged in "telephone solicitations" as that term is defined in 47 U.S.C.
227(a)(4) and C.F.R. 64.1200(f)(14) as Defendant initiated telephone calls for the
purpose of encouraging the purchase or rental of, or investment in, property, goods or
services, which were transmitted to persons.

10. Defendant CWT used an automated dialer to place phone calls to telephone numbers, including telephone numbers assigned to cellular services, absent an emergency purpose or prior express consent from called parties.

11. Defendant CWT made misleading or false representations in the telephone calls.

12. Defendant CWT disguised its telephone caller identification information to make it appear that the call was coming from the (330) area code region.

13. On August 6, 2015 at approximately 3:47 PM, CWT placed a telephone call to Plaintiff, using an automatic telephone dialing system, consisted of a pre-recorded or artificial voice message in which "Jennifer" with "Holiday Cruise Line" claimed that the recipient of call had been selected as being eligible for a "free cruise" as part of a "limited time promotion" so long as the recipient was able to "qualify" by answering certain questions.

14. Upon answering the questions to "qualify," the call was transferred to "Patricia" who identified herself as being "with Holiday Cruise Line." "Patricia" was unable to identify Plaintiff, and had to ask for Plaintiff's name and age.

15. When asked for a phone number to call "Patricia" back, "Patricia" stated "I can put you back in the computer. Hopefully, the computer will call you back."

16. Defendant CWT took all of these actions on its own behalf, or alternatively, retained other businesses to solicit customers/clients via telephone on its behalf.

17. Alternatively, another entity engaged in the conduct described herein on behalf of Defendant CWT and Defendant Donna Higgins, within the meaning of *In re Joint Petition Filed by DISH Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 (May 9, 2013).

18.   Defendant Donna Higgins was aware of, supervised, implemented, and/or consented to the activities that lead to the conduct of August 6, 2015 as set forth above.

19.   Plaintiff Tyler W. Kahler was the recipient of the phone call as set forth above.

### FIRST CLAIM FOR RELIEF – CONSUMER SALES PROTECTION ACT

20.   Plaintiff realleges and restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

21.   Defendant CWT and Defendant Donna Higgins violated the CSPA, R.C. 1345.02(B)(4) by representing that the subject of the consumer transaction was available to consumers for a reason that did not exist.

22.   The acts or practices of the Defendants as described herein have been previously determined by an Ohio court to violated R.C. 1345.01 et seq.  Defendants committed said violations after the decision was available for public inspection pursuant to R.C. 1345.05(A)(3).

23.   Alternatively, another entity engaged in the conduct described herein on behalf of Defendant CWT and Defendant Donna Higgins, within the meaning of *In re Joint Petition Filed by DISH Network, LLC, et al.,* 28 F.C.C. Rcd. 6574 (May 9, 2013).

24.   Defendant CWT and Defendant Donna Higgins each committed the acts that constitute a violation knowingly and willfully.

### SECOND CLAIM FOR RELIEF – CONSUMER SALES PROTECTION ACT

25.   Plaintiff realleges and restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

4

26. Defendant CWT and Defendant Donna Higgins violated the CSPA, R.C. 1345.02(A) and O.A.C. 109:4-3-06(D)(1) by notifying consumers or prospective consumers that they won a prize or would receive something of value, when such was not the case.

27. Defendant CWT and Defendant Donna Higgins violated the CSPA, R.C. 1345.02(A) and O.A.C. 109:4-3-06(D)(3) by notifying consumers or prospective consumers that they won a prize or would receive something of value without clearly and conspicuously disclosing any and all conditions necessary to win the prize or receive the thing of value.

28. Alternatively, another entity engaged in the conduct described herein on behalf of Defendant CWT and Defendant Donna Higgins, within the meaning of *In re Joint Petition Filed by DISH Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 (May 9, 2013).

29. Defendant CWT and Defendant Donna Higgins each committed the acts that constitute a violation knowingly and willfully.

## THIRD CLAIM FOR RELIEF – CONSUMER SALES PROTECTION ACT

30. Plaintiff realleges and restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

31. Defendant CWT and Defendant Donna Higgins violated the CSPA, R.C. 1345.02(A) by committing an unfair or deceptive act or practice in connection with a consumer transaction pursuant to R.C. 4719.14 where Defendant CWT and Defendant Donna Higgins committed violations of R.C. 4719.02, R.C. 4719.08(B), and R.C. 4719.08(I) by failing to register with the Attorney General prior to placing the telephone call at issue and by blocking the actual telephone number of Defendant CWT and Defendant Donna Higgins.

32. Alternatively, another entity engaged in the conduct described herein on behalf of Defendant CWT and Defendant Donna Higgins, within the meaning of *In re Joint Petition Filed by DISH Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 (May 9, 2013).

33. Defendant Defendant CWT and Defendant Donna Higgins committed the acts that constitute a violation knowingly and willfully.

**FOURTH CLAIM FOR RELIEF – CONSUMER SALES PROTECTION ACT**

34. Plaintiff realleges and restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

35. Defendant CWT and Defendant Donna Higgins violated the CSPA, R.C. 1345.02(A) by committing an unfair or deceptive act or practice in connection with a consumer transaction pursuant to R.C. 4719.14 where Defendant CWT and Defendant Donna Higgins committed violations of R.C. 4719.05, R.C. 4719.08(F)(1), and R.C. 4719.08(F)(5), by unlawfully describing the cruise offer as "free" and failing to submit the same to the Attorney General prior to placing the telephone call.

36. Alternatively, another entity engaged in the conduct described herein on behalf of Defendant CWT and Defendant Donna Higgins, within the meaning of *In re Joint Petition Filed by DISH Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 (May 9, 2013).

37. Defendant Defendant CWT and Defendant Donna Higgins committed the acts that constitute a violation knowingly and willfully.

**FIFTH CLAIM FOR RELIEF – TELEPHONE CONSUMER PROTECTION ACT**

38. Plaintiff realleges and restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

39. Defendant CWT and Defendant Donna Higgins initiated a telephone call to a telephone number assigned to cellular services using an automatic telephone dialing system, absent an emergency purpose or prior express consent from the Plaintiff.

40. This phone call also made use of a prerecorded or artificial voice, absent an emergency purpose or prior express consent from the Plaintiff.

41. Alternatively, another entity engaged in the conduct described herein on behalf of Defendant CWT and Defendant Donna Higgins, within the meaning of *In re Joint Petition Filed by DISH Network, LLC, et al.*, 28 F.C.C. Rcd. 6574 (May 9, 2013).

42. Defendant CWT and Defendant Donna Higgins' conduct is prohibited by the TCPA, 47 U.S.C. 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii).

43. Defendant CWT and Defendant Donna Higgins committed the acts that constitute a violation knowingly and willfully.

## SIXTH CLAIM FOR RELIEF – DECLARATORY RELIEF

44. Plaintiff realleges and restates the allegations contained in the preceding paragraphs as if fully rewritten herein.

45. Plaintiff hereby requests that the above described specific acts and practices be declared a violation of R.C. 1345.02.

46. Plaintiff further requests that this Court's declaration then be provided to the Attorney General to be made part of the public inspection file, pursuant to R.C. 1345.05(A)(3).

**WHEREFORE**, Plaintiff demands judgment on all claims and remedies as follows:

    (1) Statutory damages for each violation of the TCPA, pursuant to 47 U.S.C. 227(b)(3)(B);

    (2) Statutory damages for each violation of the CSPA, pursuant to R.C. 1345.09;

(3) Treble damages pursuant to R.C. 1345.09(B);

(4) Treble damages pursuant to 47 U.S.C. 227(b)(3);

(5) The above statutory damages in no event shall exceed $3,000.00;

(6) Declaratory relief, declaring that the above described specific acts and practices

are violations of R.C. 1345.02;

(7) Attorney fees pursuant to R.C. 1345.09(F), in the event that Plaintiff retains

counsel;

(8) Plaintiff's costs of bringing this action;

(9) Interest calculated at the statutory rate; and

(10) Any other relief as this Court deems to be just, equitable, and appropriate.

Respectfully submitted,

Tyler W. Kahler (0085932)
P.O. Box 35697
Canton, Ohio 44735
Tel: (330) 244-4200
Fax: (330) 244-4204
tyler@kahlerlawoffice.com

## INSTRUCTIONS TO CLERK

Please serve summons and a copy of the Complaint upon the defendants at the addresses set forth in the caption above, via **Certified U.S. Mail**, return receipt requested and returnable according to law.

Also, please mail a copy of the Complaint, without a Summons, by mail to the Ohio Attorney General, 30 E. Broad St., 14th Floor, Columbus, OH 43215, pursuant to R.C.1345.09(E).

Tyler W. Kahler (0085932)